**Michael J. Petitti, Jr. – 011667**
**Paige C. Pataky – 029951**
**SHIELDS PETITTI, PLC**
**5090 N. 40th Street, Suite 207**
**Phoenix, Arizona 85018**
**Telephone: (602) 718-3330**
**Facsimile: (602) 675-2356**
**E-Mail:  mjp@shieldspetitti.com**
**E-Mail:  pcp@shieldspetitti.com**

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elliana Cabrera,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Town of Miami, a municipal corporation; Sammy Gonzales, Dan Moat, Michael Black, Michael Sosh, Robert Licano, Don Reiman, Jose Medina, in their official capacities as members of the Town Council for the Town of Miami; and Keith Thompson, in his official and individual capacity,<br><br>　　　　　　Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff Elliana Cabrera ("Plaintiff") for her cause of action against Defendants alleges:

**GENERAL ALLEGATIONS**

**(Parties and Jurisdiction)**

1. Plaintiff is a resident of Pinal County, Arizona and was a resident of Pinal County during all relevant times.

2. Defendant Town of Miami ("Defendant Miami") is a municipal corporation

1187648.1

located in Gila County, Arizona.

3. Defendants Sammy Gonzales, Dan Moat, Michael Black, Michael Sosh, Robert Licano, Don Reiman, and Jose Medina at all relevant times were members of the Town Council for Defendant Miami and were acting for and on behalf of Defendant Miami and such actions were in the course and scope of their authority. They are sued in their official capacities.

4. At all times mentioned herein, Defendant Keith Thompson ("Defendant Thompson") was Police Chief for Defendant Miami and was acting under the authority of his office or color of authority and within the scope of his employment and/or alternatively under color of authority and/or outside the scope of his agency or employment but with the knowledge and consent of Defendant Miami and Defendant Town Council.

5. Defendants have committed actions and caused events to occur in Gila County, which are the foundation of this action and out of which this action arises. Accordingly, jurisdiction and venue are proper in this Court.

**(Nature of Action)**

6. This is an action brought by Plaintiff to vindicate violations of her constitutional free speech rights, rights to freedom from unreasonable seizure and false arrest and due process rights.

**(Jury Demand)**

7. Pursuant to Rule 38 of the *Federal Rules of Civil Procedure*, Plaintiff demands a trial by jury of any issue triable of right by a jury.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8. Plaintiff is a Deputy Sheriff for Gila County Sheriff's Office who at all times has performed with competence and distinction. On March 30, 2019, Plaintiff and a Gila County

2

1187648.1

Sheriff's Office coworker were off duty at the Wild Horse Saloon (the "Bar") in Miami, Arizona. A physical altercation occurred in the Bar which resulted in property damage to the Bar. As a courtesy, Plaintiff contacted Defendant Miami's Police Department to report the property damage.

9. Defendant Miami police officer Darlene Woodliff responded to the call. Officer Woodliff interviewed several individuals at the scene, including Plaintiff Cabrera. She asked Plaintiff about the individuals involved, including those who left the Bar prior to Officer Woodliff's arrival. One of those who left was Plaintiff Cabrera's coworker. On at least two (2) occasions at the scene, Plaintiff identified her coworker to Officer Woodliff as one of the individuals who had previously been in the Bar and left. Plaintiff also agreed to a subsequent interview at Defendant Miami Police Department's office.

10. On April 5, 2019, Plaintiff met with Officer Woodliff. Also in attendance during the interview was Christine Duarte, a Defendant Miami employee. Ms. Duarte is not a certified police officer and her attendance at the interview was highly unusual. Ms. Duarte was a former Gila County employee. At no time during the interview did Officer Woodliff tell Plaintiff that she was a possible suspect or provide her Miranda rights or similar admonitions. Defendant Miami did, however, provide these admonitions to everyone else it interviewed.

11. During the interview, Plaintiff Cabrera again indicated that her coworker had been present in the Bar before Officer Woodliff's arrival. She also agreed to provide a signed written statement regarding the incident.

12. Incredibly, Defendant Miami subsequently criminally charged Plaintiff with false reporting and hindering a prosecution, despite Plaintiff being the individual who called in the matter and then provided information both at the scene and at a subsequent formal interview.

Defendant Miami ignored evidence provided by Plaintiff and also manufactured and altered other evidence to try to support its criminal charges. For instance, Defendant Miami claimed that Plaintiff did not provide her coworker's name to Officer Woodliff at the scene. However, video and audio of the incident confirmed that Plaintiff identified her coworker as previously being at the Bar and one of the participants on at least two (2) occasions. It is also undisputed that Plaintiff Cabrera told Officer Woodliff of her coworker's involvement during her April 5, 2019 interview. Plaintiff Cabrera's written statement was also altered by Defendant Miami to suggest that she knew she was a suspect during the interview, as opposed to simply a witness.

13.   As a result of Defendant Mami's unfounded, mean-spirited and malicious actions, Plaintiff was required to retain counsel for the criminal charges. The criminal charges were subsequently dismissed by the State of Arizona yet the impact and damage was already done and continues for Plaintiff Cabrera. In addition to the impact and damages Plaintiff Cabrera experienced at and soon after the incident, the unfounded criminal charge has also impacted her ability to further her police officer career.

14.   Even more reprehensible, is that Plaintiff Cabrera is informed and therefore believes that discovery will indicate that Defendants Miami's and Thompson's actions were motivated by personal pettiness and retaliation against Defendant Thompson's prior employer, the Gila County Sheriff's Office, who is Plaintiff's current employer.

15.   Plaintiff is damaged by the wrongful acts of Defendants and their agents as herein alleged, which damage includes, without limitation, the following:

> a. Injury to Plaintiff's long-term employment, reputation and income potential flowing from the wrongful conduct by Defendants and Defendants' false and defamatory statements;

1187648.1

      b. Injury to her reputation; and

      c. Injury from humiliation, trauma, extreme stress, depression and physical and mental pain and anguish.

16. The willful and wanton misconduct on the part of Defendants is such that it justifies an award of punitive damages.

17. All allegations of this Complaint are incorporated into each Claim for Relief in this Complaint.

**FIRST CLAIM FOR RELIEF**
**(Violation of *42 U.S.C. § 1983* – Fourth Amendment)**

18. The actions described above deprived Plaintiff of rights, privileges and immunities provided by the United States Constitution, including, but not limited to, Plaintiff's due process rights, and freedom from unreasonable seizure and false and malicious prosecution.

19. In doing the acts alleged above, Defendants acted under the color of State law. Defendants' actions were unprivileged and not subject to any immunity.

20. Defendants knew or should have known the above alleged conduct violated Plaintiff's clearly established constitutional, civil and statutory rights.

21. Defendants are fully liable to Plaintiff based on their authority and actual decisions. In addition, such unlawful actions and decisions were based on the policy making and final decision-making authority of Defendants and were based on the policy, custom and practice of Defendants.

22. The grounds and reasons Defendants offered for Plaintiff's arrest were false and pretextual.

23. Plaintiff is damaged by Defendants' actions as hereinabove alleged or as proven at trial.

5

1187648.1

## SECOND CLAIM FOR RELIEF
### (Violation of *42 U.S.C. § 1983* – First Amendment)

24. The actions described above deprived Plaintiff of rights, privileges and immunities provided by the United States Constitution, including, but not limited to, depriving Plaintiff of her free speech rights.

25. In doing the acts above, Defendants acted under the color of State Law. Defendants' actions were unprivileged and not subject to any immunity.

26. Defendants knew or should have known the above alleged conduct violated Plaintiff's clearly established constitutional, civil and statutory rights.

27. Defendants are fully liable to Plaintiff based on their authority and actual decisions. In addition, such unlawful actions and decisions were based on the policy making and final decision-making authority of Defendants and were based on the policy, custom and practice of Defendants.

28. The grounds and reasons Defendants offered for Plaintiff's arrest were false and pretextual.

29. Plaintiff is damaged by Defendants' actions as hereinabove alleged or as proven at trial.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendants, and each of them, as follows:

   A. For all injunctive and declaratory relief necessary, including a declaration that Defendants' conduct violated *42 U.S.C. § 1983* and enjoining Defendants from conduct violating Plaintiff's rights;

   B. For actual, consequential and incidental damages as alleged herein or as determined at trial;

   C. For punitive damages against Defendants;

6

1187648.1

D. For special damages alleged or as proven at trial;

E. For her attorneys' fees and costs incurred in this matter pursuant to *42 U.S.C. § 1988* and any other applicable statute, rule or regulation;

F. For interest on each element of damage, cost or attorneys' fees at the highest legal rate from the date such damage, cost or attorneys' fees was incurred until paid; and

G. For such other and further relief as the Court deems just and proper.

DATED this 17th day of December, 2020.

                    SHIELDS PETITTI, PLC

                    By /s/ Michael J. Petitti, Jr.
                       Michael J. Petitti, Jr.
                       Paige C. Pataky
                       5090 N. 40th Street, Suite 207
                       Phoenix, Arizona 85018
                       Attorneys for Plaintiff

1187648.1